Charles V. Martabano, Esq. Village Attorney, Mount Kisco
You have informed us that at the recent organizational meeting of your village the mayor appointed you as village attorney for a one-year term, but that the board of trustees failed to confirm the appointment as required by law. The mayor refused to appoint another person as village attorney. You have served for three years as the village attorney. In a telephone conversation you informed us that your position is in the "exempt" classification of the civil service and that you are serving under a one-year appointment made at the last village organizational meeting.
Your first question is whether the mayor has the right to appoint the village attorney where the position has not been established as an "office". In a telephone conversation you indicated that it is not clear whether the position in fact has been established as a village office. The mayor has responsibility for appointment of "all department and non-elected officers and employees subject to the approval of the board of trustees" and may delegate the power to appoint certain employees to other village officers or employees (Village Law, §4-400[1][c]). Therefore, in the absence of a delegation, the mayor, subject to the approval of the trustees, has the power to appoint the village attorney whether the position is an office or a position of employment.
Your second question is whether, upon the failure of the trustees to approve the mayor's reappointment of the incumbent village attorney, the incumbent continues to serve. The position in question is in the exempt class of the civil service. However, you are not certain whether the position is an office or a position of employment. The Village Law does not designate the position of village attorney as a village office but authorizes the board of trustees to establish additional village offices (id., § 3-301[2][c]). We believe that under the circumstances you have presented, the answer to your second question will be the same whether the position of village attorney is an office or a position of employment. Since the position is in the exempt class of the civil service, the incumbent serves at the pleasure of the appointing authority (Civil Service Law, § 75).* We believe that the local establishment of a term for the appointment of an exempt employee is inconsistent with these provisions and is therefore a nullity (1974 Op Atty Gen [Inf] 164, id. 204). Upon the failure to appoint a successor and in the absence of a dismissal of the incumbent by the appointing authority, the incumbent village attorney would continue to serve at the pleasure of the appointing authority. Further, if the position is a village "office", unless the office terminates or is abolished, the incumbent will hold over and continue to discharge his duties until his successor has been chosen and qualified (Public Officers Law, § 5). Thus, we conclude that upon the failure to appoint a village attorney in your village, the incumbent village attorney will continue to serve.
Finally, you informed us that the board of trustess has substantially reduced the salary of the holding over village attorney with no reduction in the duties of the position. You ask whether such action is authorized. The board of trustees is responsible for the adoption of the budget (Village Law, § 5-508), and we believe the trustees may, during the course of the year, reduce an appropriation. However, in our opinion, such action may not be taken as a means of neutralizing the mayor's power of appointment. Such action could be viewed as a subterfuge in violation of the provisions of Village Law, § 4-400(1)(c).
We conclude that the mayor of a village appoints the village attorney subject to the approval of the board of trustees. Upon a failure to appoint a village attorney, the incumbent continues to carry out the duties of the position.
* A person holding a position by permanent appointment in the competitive class of the civil service may not be removed or subjected to any disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges. Persons holding positions by permanent appointment or employment in the classified service (including exempt and non-competitive positions) and who are honorably discharged veterans or exempt volunteer firemen, are also entitled to this protection (Civil Service Law, § 75[1][a] and [b]).